# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| STACY L. CHAPPELL,<br><br>        Plaintiff,<br>v.<br><br>UNITED STATES FEDERAL COURT, MILWAUKEE COUNTY, and MPD OFFICIALLY,<br><br>        Defendants. | Case No. 21-CV-1333-JPS<br><br><br>**ORDER** |

  Plaintiff Stacy L. Chappell, an inmate confined at Milwaukee County Jail, filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendants violated his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment constitutional rights. ECF No. 1 at 2. This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 4, and screens his complaint.

**1. MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

  The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

  On January 10, 2022, the Court ordered Plaintiff to pay an initial partial filing fee of $41.00. ECF No. 6. Plaintiff timely paid that fee on

February 8, 2022. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. ECF No. 4. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

2. SCREENING THE COMPLAINT

   2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

### 2.2 Plaintiff's Allegations

Plaintiff alleges that the "stated defendants" arrested him without a warrant. ECF No. 1 at 2. Specifically, according to Plaintiff, he was arrested on April 13, 2020 for state burglary charges on an outdated 2014 warrant. *Id.* The warrant for his arrest for the state burglary charges came only after he was already incarcerated. *Id.* Plaintiff additionally avers that he "had his property searched by MPD officials." *Id.* Plaintiff seeks monetary damages in the amount of $60,000. *Id.*

### 2.3 Analysis

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that <u>someone</u> deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

First, Defendants Milwaukee County and MPD Officially are not subject to suit. Governments are not liable for the civil rights violations of their employees, the "MPD officials" Plaintiff describes here, and may only be liable under Section 1983 if there is an underlying policy that caused the harm. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). Consequently, Plaintiff must allege that the harm he suffered was

the result of a widespread policy that would give rise to *Monell* liability on the part of Defendants Milwaukee County and MPD Officially.¹

Second, *Monell* liability is available only against "municipalities and other local governmental bodies." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 403 (1997) ("We held in *Monell* . . . that municipalities and other local governmental bodies are 'persons' within the meaning of § 1983."). Defendant United States Federal Court is neither a municipality nor a local governmental body and otherwise enjoys sovereign immunity as a branch of the federal government; such federal sovereign immunity is subject only to statutes waiving immunity or consent. *Alden v. Maine*, 527 U.S. 706, 749 (1999). As stated, Section 1983 does not provide a waiver to that grant of sovereign immunity. Consequently, Defendant United States Federal Court is not subject to suit in this action; Plaintiff should take heed of this when filing his amended complaint.

If Plaintiff wishes to proceed, he must file an amended complaint curing the deficiencies in the complaint as described herein. An amended complaint must be filed on or before **September 6, 2022**. Failure to file an amended complaint within this time period may result in dismissal of this action.

When writing his amended complaint, in addition to addressing *Monell* liability as explained herein, Plaintiff should provide the Court with enough facts to answer to the following questions: 1) Who within Milwaukee County and the MPD Officially violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each

---

¹Alternatively, Plaintiff may instead consider naming as defendants the individuals within Milwaukee County and MPD Officially who he alleges harmed him.

person violate his rights?; and 4) When did each person violate his rights? Plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and each Defendant with notice of what each Defendant allegedly did or did not do to violate his rights.

The Court is enclosing a copy of its amended complaint form. Plaintiff must list all of the defendants in the caption of his amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, Plaintiff may use up to five additional sheets of paper. The amended complaint takes the place of the prior complaint and must be complete, without reference to his prior complaint.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If the amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

3. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 4, be and the same is hereby **GRANTED**;

Page 5 of 7
Case 2:21-cv-01333-JPS    Filed 08/12/22    Page 5 of 7    Document 8

**IT IS FURTHER ORDERED** that the complaint, ECF No. 1, fails to state a claim;

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint that complies with the instructions in this Order on or before **September 6, 2022**. If Plaintiff files an amended complaint by the deadline, the Court will screen the amended complaint under 28 U.S.C. § 1915A. If Plaintiff does not file an amended complaint by the deadline, the Court will dismiss this case based on his failure to state a claim in his complaint and will issue him a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $309.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution; and

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined.

Dated at Milwaukee, Wisconsin, this 12th day of August, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

>   Office of the Clerk
>   United States District Court
>   Eastern District of Wisconsin
>   362 United States Courthouse
>   517 E. Wisconsin Avenue
>   Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.